**LENOX, SOCEY, FORMIDONI, GIORDANO,
 LANG, CARRIGG & CASEY, LLC**
**Michael A. Pattanite, Jr. Esq. Atty. No. 019212010**
**136 Franklin Corner Road, Unit B2**
**Lawrenceville, New Jersey 08648**
**(609) 896-2000**

Attorney(s) for: **Plaintiff**, Brian Henderson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| Brian Henderson,<br><br>        Plaintiff<br>vs.<br><br>New Jersey Department of Environmental Protection, State of New Jersey, and John Does #1 – 10,<br><br>        Defendant. | CIVIL ACTION<br><br>21 – civ. –<br><br>**COMPLAINT AND JURY DEMAND** |
|---|---|

## **PARTIES**

Plaintiff, Brian Henderson, is a natural person residing at 260 Franklin Street, Apt. 2L, Brooklyn, New York, 11222, by way of Complaint does hereby state:

## **PRELIMINARY STATEMENT**

1. Plaintiff, Brian Henderson, brings this action against State of New Jersey, Department of Environmental Protection, (collectively the "Defendants") for violations of the Americans with Disabilities Act of 1990 ("ADA") as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §§ 12101 to 12213 (collectively, the "ADA").

2. Defendant, New Jersey Department of Environmental Protection ("NJDEP"), a state agency organized through the laws of the state of New Jersey, discriminated against Plaintiff by unreasonably failing to accommodate Plaintiff's disability. As a result, Plaintiff has suffered significant emotional and monetary damages.

## JURISDICTION

3. Jurisdiction is proper in the District Court of New Jersey pursuant to 28 U.S.C. Section 1331 et. seq. as this matter arises under the ADA, a law promogulated by the United States of America.

4. Jurisdiction is also proper in the District court of New Jersey pursuant to 28 U.S.C. 1331(a) because Plaintiff is a resident of New York, the Defendant entity is a governmental agency domiciled in New Jersey, and the amount in controversy is over Seventy-Five Thousand ($75,000.00) dollars.

## CONDITIONS PRECEDENT

5. On or about January 2018, Plaintiff timely filed a charge of disability discrimination with the Equal Employment Opportunity Commission.

6. On January 29, 2021, the EEOC issued Plaintiff, Brian Henderson, a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice. Plaintiff has fully

complied with all prerequisites to jurisdiction in this Court under the ADA.

## VENUE

7.  Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendant resides in this district and all Defendants reside in New Jersey, and under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

8.  Plaintiff, Brian Henderson, is an employee, as defined by the ADA.

9.  Defendant, New Jersey Department of Environmental Protection is a state agency located in Trenton, New Jersey. Defendant NJDEP is an employer as defined by the ADA.

10. Defendants John Does 1-10 are employers as defined by the ADA and served as employers and\or decision makers regarding Plaintiff's disability accommodation request and aided, abetted, and\or acted to discriminate against Plaintiff by refusing to participate in the interactive process and unreasonably denying Plaintiff's disability accommodation request.

## FACTUAL BACKGROUND

11. Plaintiff, Brian Henderson, has been employed by Defendant NJDEP as a Geographic Information Systems (GIS) Specialist 3 since June 2016.

12. Prior to beginning his full-time employment with the NJDEP, he was hired as a contract worker in 2004 working from 2004 through 2016 for the NJDEP prior to beginning full-time employment.

13. Plaintiff's work performance consistently met or exceeded expectations.

14. Plaintiff is disabled pursuant to the Americans With Disabilities Act ("ADA") because he suffers from a physical or mental disability that substantially affects his major life activities. Plaintiff, because of a sudden cardiac arrest in June 2017, suffered anoxiz resulting in permanent neurological limitations, including decreased stamina, limits on his concentration, memory deficits, fatigue, and decreased information processing as a result. After an ICD was placed, Plaintiff was released under the care of his medical providers.

15. Plaintiff, having been diagnosed with a sudden cardiac arrest, anoxia, and having suffered neurologic sequelae as a result thereof, is a qualified individual with a disability under the Americans with Disabilities Act of 1990, as amended. As a result of Plaintiff's disability, his major life activities were substantially limited.

16. In December 2017, Plaintiff notified his employer that he would need a reasonable accommodation consisting of a work from home schedule.

17. Plaintiff's disability accommodation request was a medically supported request to work from home.

18. Defendant failed to engage in the interactive process regarding Plaintiff's request and denied same outright claiming onsite work was essential for Plaintiff's computer-based job.

19. Defendant has accommodated similarly situated employees in the past by providing them with the ability to work from home.

20. Upon information and belief, Defendant failed to take any steps to assess whether it could provide a work from home accommodation for Plaintiff prior to the denial.

21. Defendant unreasonably denied Plaintiff's accommodation request.

22. Upon information and belief, Plaintiff's departmental supervisors later reported to the EEOC that Plaintiff could perform his job duties from home and that the workplace was, in fact, distracting to Plaintiff due to his medical condition.

23. Plaintiff appealed Defendant's December 2017 denial of his accommodation request with Defendant's internal complaint system.

24. Defendant ignored Plaintiff's internal appeal, refused to engage in the interactive process, and again unreasonably denied Plaintiff's accommodation request by failing to respond at all to the internal appeal.

25. Upon information and belief, Defendant's internal review later determined that Plaintiff could work from home on a part-time basis, but this was not offered to Plaintiff and no further discussions regarding accommodations occurred with Plaintiff.

26. As a result of the unreasonable failure to accommodate, Plaintiff was forced to remain on leave and use all of his sick, vacation, and all sources of paid time off.

27. Ultimately, Plaintiff was without any remaining accumulated paid leave and his forced leave became unpaid.

28. In August 2018, Defendant threatened to terminate Plaintiff if he did not return to work onsite and so Plaintiff returned to work onsite against his physician's advice.

29. Plaintiff's physicians specifically opined Plaintiff was not medically ready to return to work, but he did so anyway because he wanted to keep his job and not be terminated due to his disabilities.

30. In August 2018, after exhausting all available leave time and threatened with losing his job, Plaintiff returned to work.

31. Plaintiff returned to his financial detriment on a part-time basis because that is all he physically could handle due to his disability and even though he could have fully performed his job duties if he had worked from home.

32. In October 2018, despite continuing to be disabled and suffering from severe physical consequences of his disability, Plaintiff was forced to return to work full-time without any disability accommodations.

33. While Plaintiff was employed as a contract worker from 2004 to 2016, he was allowed to work from home and attendance at the workplace was not required to perform the essential functions of the job.

34. As such, Defendant knew that Plaintiff could perform all of his duties from home and still denied him any accommodation.

35. Defendant failed to engage in the interactive process and discuss alternative accommodations that might have allowed Plaintiff to perform his job duties.

36. Plaintiff filed a complaint with the Equal Employment Opportunities Commission which was investigated under Charge No. 524-2019-00217.

37. EEOC concluded its investigation and Area Director John Waldinger issued a Final Decision dated January 9, 2020 finding the Defendants violated the ADA by discriminating against the Defendant based on his physical disability. See **Exhibit A**.

38. The final decision notes the NJDEP completely failed to begin the interactive process, and their proffered accommodations were not credible considering the factual record.

39. Notwithstanding the EEOC Final Decision, Defendant continued to refuse to accommodate Plaintiff.

40. In March 2020, New Jersey Governor Phil Murphy declared a public health emergency resulting in the closure of government facilities including Plaintiff's workplace.

41. Plaintiff, following the closure of his workplace due to the public health emergency, began to work from home.

42. Plaintiff continues to work from home at this time.

43. The State health emergency's closure of Plaintiff's worksite and his transition to work from home status proved that Plaintiff's job could have been performed with a work from home accommodation.

44. Plaintiff suffered economic losses, emotional distress, pain and suffering, and compensatory damages as a result of Defendant's unreasonable failure to accommodate his disabilities.

45. As a result of the foregoing discriminatory conduct and failure to accommodate Plaintiff's disability, Plaintiff has now suffered and will continue to suffer damages into the future.

46. On January 29, 2021, the EEOC issued a Right to Sue Letter to Plaintiff.

**COUNT I – – FAILURE TO PROVIDE A REASONABLE ACCOMMODATION VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA"), 42 U.S.C. §§ 12181 et seq.**

47. Plaintiff hereby repeats and realleges paragraphs 1 through 49 be reincorporated, as though fully set forth herein.

48. On June 4, 2017, Plaintiff, Brian Henderson was diagnosed with sudden cardiac arrest, hypoxia, and neurologic sequelae making him a "qualified individual with a disability" within the meaning of 42 U.S.C.A. § 12111 of the ADA. Plaintiff could perform the essential functions of his position with or without a reasonable accommodation.

49. In or about December 2017, Plaintiff notified Defendant about his request reasonable accommodation for a part-time work from home schedule.

50. Defendant refused to engage in the interactive process and denied Plaintiff's request claiming that onsite work was essential for his computer-based job.

51. Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits and the costs of bringing this action.

52. Defendant intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference, and, as a result, is liable for punitive damages.

WHEREFORE, Plaintiff Brian Henderson, demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest,

cost of suit, attorneys' fees, enhanced attorneys' fees, any and all relief provided for by New Jersey's Conscientious Employee Protection Act; and any and all relief that the Court deems just and proper under Count I of the Complaint.

### COUNT II – EQUITABLE RELIEF

53. Plaintiff hereby repeated and realleges paragraphs 1 through 54 as though fully set forth herein.

54. Plaintiff requests the following equitable remedies and relief in this matter.

55. Plaintiff requests a declaration by the Court that the practices contested herein violate Federal law and the ADA as set forth herein.

56. Plaintiff requests that the Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

57. Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

58. Plaintiff requests that the Court equitably order Defendants to provide reasonable accommodations based upon the medical advice of his physician. Further, should Plaintiff's disability worsen or change, he retains the right to seek a

modified disability accommodation that shall be evaluated consistent with then existing DEP policy and applicable law.

59. Plaintiff requests that the Court order the Defendant to pay the reasonable attorney's fees and costs associated with this equitable count of the Complaint.

60. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff Brian Henderson, demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just under Count I of the Complaint.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues contained herein.

## DESIGNATION OF TRIAL COUNSEL

Please be advised Patrick F. Carrigg, Esq. is hereby designated as trial counsel.

## CERTIFICATION

It is hereby certified pursuant to Local Civil Rule 11.2 that the matter in controversy herein is not the subject of any other action pending or contemplated which arise from the same

transactional facts as this matter. Also, to the best of our belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action.

**LENOX, SOCEY, FORMIDONI, GIORDANO, CARRIGG, LANG & CASEY, LLC.**

_____
**Michael A. Pattanite, Jr., Esq.**

**DATED: April 16, 2021**